**Virginia DAVIS, Appellant,**

v.

**EDUCATION SERVICE CENTER, Region VIII and Scott Ferguson, Appellees.**

No. 06–01–00036–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 8, 2001.

Decided Dec. 5, 2001.

Michael E. Starr, William S. Hommel Jr., McGee, Hommel & Starr, PC, Tyler, for appellant.

Roger D. Hepworth, V. Jay Youngblood, Henslee, Fowler, Hepworth & Schwartz, LLP, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

DONALD R. ROSS, Justice.

Virginia Davis was employed by Education Service Center, Region VIII. She sued Region VIII and her supervisor, Scott Ferguson, for retaliation under TEX. LAB.CODE ANN. § 21.055 (Vernon 1996)[1] and for intentional infliction of emotional distress. She also sued Region VIII for negligent hiring or retention of Ferguson. Region VIII and Ferguson moved for summary judgment, which the court granted, dismissing all of Davis' claims. Davis appeals, urging two grounds for setting aside the summary judgment.

Davis first contends the motion for summary judgment did not include her claims against Region VIII for negligent hiring or retention, or her claims against Region VIII and Ferguson for intentional infliction of emotional distress. She therefore contends the trial court erred in granting summary judgment on these claims. Second, Davis contends the trial court incorrectly granted summary judgment on her claim for retaliation.[2]

---

1. Texas Commission on Human Rights Act (TCHRA).

2. Davis complained at oral argument of the dismissal of her claims for discrimination and sexual harassment. However, at the time

On or about July 7, 1998, Davis filed charges against Region VIII and Ferguson with the federal Equal Employment Opportunity Commission (EEOC), claiming employment discrimination on the basis of a disability and claiming sexual harassment. The EEOC forwarded these charges to the Texas Commission on Human Rights (TCHR) pursuant to a Worksharing Agreement.[3] Davis alleges that, after filing these charges, Ferguson informed her she would not have a job with Region VIII for the 1998–1999 school year unless she dismissed the charges. Davis did not complain of this alleged retaliation to either the EEOC or the TCHR.

On September 30, 1998, the EEOC sent Davis a right-to-sue letter regarding her discrimination and harassment charges. This letter gave Davis ninety days within which to file suit in federal court. On or about May 4, 1999, Davis received a right-to-sue letter from the TCHR, giving her sixty days within which to file suit in state court.

Davis filed suit in federal court on June 30, 1999, and Region VIII and Ferguson filed counterclaims. At Davis' request, her claims were dismissed without prejudice on November 22, 1999. She filed the current action in state court on the same date. Region VIII's and Ferguson's counterclaims in federal court were dismissed on January 26, 2000.

The motion for summary judgment filed by Region VIII and Ferguson in this case urged (1) the affirmative defense of lack of subject-matter jurisdiction for the claim of retaliation under TEX. LAB.CODE ANN. § 21.055; (2) the affirmative defense of limitations for the claim of discrimination under TEX. LAB.CODE ANN. § 21.051 (Vernon 1996); (3) the affirmative defense of immunity for all claims; (4) the affirmative defense of res judicata for the claim of retaliation; (5) that there is no cause of action for negligent hiring of Ferguson; and (6) that, pursuant to TEX. LAB.CODE ANN. § 21.259 (Vernon 1996) and TEX. EDUC.CODE ANN. § 8.006 (Vernon Supp. 2002), §§ 11.161, 22.051, 22.055 (Vernon 1996), Region VIII and Ferguson are entitled to attorney's fees incurred in the defense of this suit, and in the event of appeal, attorney's fees for the appeal. The trial court granted the motion without specifying the grounds on which it was granted.

The standards for reviewing a regular motion for summary judgment are well established: (1) the burden of showing that no genuine issue of material fact exists, and that the movant is therefore entitled to judgment as a matter of law, is on the movant; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and

summary judgment was granted, neither of these claims had been pled, and she did not raise these claims in her brief before this Court. The only TCHRA claim before this Court is her retaliation claim.

3. 42 U.S.C.A. § 2000e–4(g)(1) (West 1994) empowers the EEOC to enter into these kinds of agreements with state and local agencies. In the 1998 Worksharing Agreement, "the EEOC and the [TCHR] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." *Vielma v. Eureka Co.,* 218 F.3d 458, 462 (5th Cir.2000). In this type of case, when a complainant files an initial charge with the EEOC, that charge will also be considered filed with the TCHR. *See Griffin v. City of Dallas,* 26 F.3d 610, 612–13 (5th Cir.1994); *Price v. Philadelphia Am. Life Ins. Co.,* 934 S.W.2d 771, 773 (Tex.App.—Houston [14th Dist.] 1996, no writ).

any doubt resolved in that party's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■■■ A defendant who moves for a regular summary judgment must demonstrate that at least one essential element of the plaintiff's cause of action has been disproved as a matter of law. *Hammonds v. Thomas*, 770 S.W.2d 1, 1 (Tex.App.— Texarkana 1989, no writ). A defendant who conclusively negates one of the essential elements of the plaintiff's cause of action is entitled to summary judgment. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993).

We will address Davis' second point of error first because our disposition of that point affects our consideration of her first point. Under her second point, Davis contends the trial court erred in granting summary judgment on her retaliation claim filed pursuant to the TCHRA. That act provides as follows:

> An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:
> 
> . . . .
> 
> (2) makes or files a charge; [or]
> 
> (3) files a complaint; . . . .

TEX. LAB.CODE ANN. § 21.055.

Region VIII and Ferguson contend the trial court did not have subject matter jurisdiction over Davis' retaliation claim because she did not exhaust her administrative remedies on this claim as required by TEX. LAB.CODE ANN. §§ 21.201(a), 21.202(a) (Vernon 1996). Because she already filed a complaint with the TCHR

against Region VIII and Ferguson under the TCHRA, Davis contends she should not be required to exhaust her administrative remedies under the TCHRA for her complaint of retaliation. She contends the cases cited by Region VIII and Ferguson requiring her to exhaust her administrative remedies concerning her retaliation claim are distinguishable on the facts. We agree with Region VIII and Ferguson that the trial court lacked subject-matter jurisdiction over Davis' claim of retaliation under the TCHRA.

■■■ It is incumbent on the pleading party to allege sufficient facts to affirmatively show the trial court had subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993). Davis concedes in her brief she did not file a complaint with the EEOC or the TCHR regarding her retaliation claim under TEX. LAB.CODE ANN. § 21.055. Rather, she contends that filing a retaliation complaint with the EEOC or the TCHR was not required before she could bring that complaint in court.

■■■ Davis brought suit in state court, complaining of retaliation by Region VIII and Ferguson in violation of TEX. LAB.CODE ANN. § 21.055. Before the alleged retaliation, Davis filed a complaint with the EEOC and the TCHR, alleging sexual harassment and disability discrimination. She never filed a complaint with these agencies alleging that Ferguson threatened not to rehire her for the 1998–1999 school year if she failed to withdraw her complaints with the EEOC and the TCHR. In her response to the motion for summary judgment, Davis contended that the two-year statute of limitations[4] applied to

---

4. TEX. LAB.CODE ANN. § 21.256 (Vernon 1996). The sixty-day statute of limitations in TEX. LAB.CODE ANN. § 21.254 (Vernon 1996) takes precedence over the two-year statute of limi-

tations in Section 21.256. *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 620–21 (Tex.App.—Corpus Christi 2000, pet. denied); *Sibley v. Kaiser Found. Health Plan*, 998

her case and that she was not required to file a separate complaint with the EEOC or the TCHR in order to file her retaliation claim in court.

Before a complainant may sue for redress, that complainant must tender the complaint with the TCHR within 180 days of the suspected misconduct. TEX. LAB. CODE ANN. §§ 21.201(a), 21.202(a); *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex.1991). This affords the TCHR the opportunity to investigate the allegation, informally eliminate any discrimination, and minimize costly litigation. *See* TEX. LAB.CODE ANN. §§ 21.203, 21.204(a), 21.207(a) (Vernon 1996); *Stinnett v. Williamson County Sheriff's Dep't*, 858 S.W.2d 573, 577 (Tex.App.—Austin 1993, writ denied). Indeed, the requirement is of such import that failing to comply with it deprives the court of subject-matter jurisdiction. *Schroeder*, 813 S.W.2d at 485–89. In other words, unless and until an employee timely submits his or her complaint to the TCHR, the courts of Texas are barred from adjudicating that complaint. *Id.; Stinnett*, 858 S.W.2d at 576; *Ridgway's Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Davis contends the facts in her case are distinguishable from *Schroeder* because *Schroeder* did not deal with retaliation. She contends *Schroeder* should not be interpreted to mean that, when an employer retaliates against an employee for filing a complaint with the TCHR, the employee must file a new complaint with the TCHR concerning the separate charge of retaliation before filing suit in state court. But, the statutes and caselaw clearly require a complainant to exhaust administrative remedies even in retaliation cases. *See*

TEX. LAB.CODE ANN. §§ 21.201(a), 21.202(a); *O'Bryant v. City of Midland*, 949 S.W.2d 406, 416–17 (Tex.App.—Austin 1997), *aff'd in part & rev'd in part on other grounds*, 18 S.W.3d 209 (Tex.2000) (holding an officer suing for retaliation under Section 21.055 must exhaust administrative remedies); *Vincent v. W. Texas State Univ.*, 895 S.W.2d 469, 473–75 (Tex.App.—Amarillo 1995, no writ) (holding trial court lacked subject-matter jurisdiction because plaintiff failed to exhaust administrative remedies relating to her charge of retaliation). In *Stinnett*, the plaintiff properly filed his age discrimination claim with the TCHR but failed to file a claim of retaliation with the TCHR. The court in *Stinnett* concluded, "by providing a remedy for retaliation in the Human Rights Act, the legislature intended to create an exclusive remedy under the terms of that statute." *Stinnett*, 858 S.W.2d at 577.

Davis contends there should be an exception to the exhaustion of administrative remedies when, if the plaintiff can prove it, there is direct relationship between the exhaustion of administrative remedies under the discrimination charges and the retaliation. However, the statute does not provide for such an exception. Retaliation is an independent violation of the TCHRA and occurs when an employer retaliates or discriminates against a person who makes or files a charge or files a complaint. TEX. LAB.CODE ANN. § 21.055. Nothing in the statute makes this section immune from the requirements of the rest of the statute. Although *Schroeder* did not deal with a retaliation claim, we find nothing in the statutes or caselaw indicating the Legislature intended a different procedure for filing a retaliation claim than that set forth by the Texas Supreme Court in *Schroeder*.

S.W.2d 399, 405 (Tex.App.—Texarkana 1999, no pet.) (in action for employment discrimination, compliance with sixty-day limitations period requires service on defendant within that period).

Because Davis failed to exhaust administrative remedies on her retaliation claim, the trial court lacked subject-matter jurisdiction and was correct in granting summary judgment against her on this claim. Davis' second point of error is overruled.

■ Davis' other point of error contends the trial court erred in granting summary judgment on her claims of negligent hiring or retention and intentional infliction of emotional distress because Region VIII and Ferguson did not move for summary judgment on these grounds. A motion for summary judgment must expressly present the grounds on which it is made. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). However, a review of Region VIII and Ferguson's motion for summary judgment shows they did move for summary judgment on both of these grounds and both sides briefed the correctness of the trial court's summary judgment on these grounds.

In their motion for summary judgment, Region VIII and Ferguson asserted the affirmative defense of immunity in connection with these tort claims. They contend they are protected from these claims by the doctrine of governmental or sovereign immunity. They contend Ferguson, as an employee of Region VIII, is protected "with immunity in a civil action" under Section 8.006 of the Education Code, which grants employees and volunteers of a regional education service center the same immunity from liability as school district employees and volunteers, and under Section 22.051, which provides immunity for professional employees of the school district. They further contend Region VIII is entitled to the same immunities as a school district, including immunity from claims of negligent hiring or retention and intentional infliction of emotional distress.

■ When Davis sued Region VIII and Ferguson, in his official capacity, she sued the State of Texas. *See Vincent,* 895 S.W.2d at 472; *Tyrrell v. Mays,* 885 S.W.2d 495, 499 (Tex.App.—El Paso 1994, writ dism'd w.o.j.); *Alcorn v. Vaksman,* 877 S.W.2d 390, 403 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The doctrine of sovereign immunity deprives the court of subject-matter jurisdiction. *State v. Lain,* 162 Tex. 549, 349 S.W.2d 579, 582 (1961). Therefore, dismissal was mandatory unless Davis could show the State waived its immunity. *Id.; Pickell v. Brooks,* 846 S.W.2d 421, 424–25 (Tex. App.—Austin 1992, writ denied). Davis sought to avoid the defense of governmental immunity by invoking the TCHRA.

■ While the Legislature may have waived sovereign immunity under the TCHRA, we have determined this claim is no longer available to Davis. By failing to exhaust her administrative remedies, she no longer has a valid claim under the TCHRA. All that remains are her common-law tort claims of negligent hiring or retention and intentional infliction of emotional distress. However, Region VIII and Ferguson, as its employee, are immune from both these common-law torts.

In her response to the motion for summary judgment, Davis contended Region VIII was not immune from suit because it had not established that it is a "school district" and thereby statutorily immune under Tex. Educ.Code Ann. § 22.051(a). She also contended neither Region VIII nor Ferguson enjoy eleventh amendment immunity. *See* U.S. Const. amend. XI.[5] The eleventh amendment applies to United

---

**5.** "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

States law and jurisdiction, neither of which are at issue in this case, so we need not determine whether Region VIII or Ferguson enjoy immunity under this constitutional provision. Davis also contends the court had no basis for applying statutory immunity to Region VIII and Ferguson because those parties cite no authority for such an application.

Region VIII and Ferguson asserted governmental and sovereign immunity in support of their motion for summary judgment. This immunity, they contend, does not stem from TEX. EDUC.CODE ANN. § 22.051(a); rather, Region VIII qualifies for sovereign immunity as an agency of the State.

■ Sovereign immunity, unless waived, insulates the State of Texas, its agencies, and its officials from lawsuits for damages. *Fed. Sign v. Texas So. Univ.*, 951 S.W.2d 401, 405 (Tex.1997). Region VIII and its employees are protected by immunity because it is a governmental unit, as defined by relevant provisions of the Texas Tort Claims Act.[6]

The Texas Legislature has created a three-tiered system for implementing its educational obligation as required under TEX. CONST. art. VII, § 1. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex.1996). At the state level, there are the Texas Education Agency and the State Board of Education. *Id.* Regionally, there are the regional education service centers. *Id.* Locally, there are the independent school districts. *Id.* The regional education service centers were established by the Legislature under TEX. EDUC.CODE ANN. §§ 8.001–.125 (Vernon Supp.2002). Region VIII is an agency of the State and qualifies as a governmental unit under TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon Supp.2002).

Region VIII and Ferguson, in his official capacity, are immune from Davis' common-law causes of action for negligent hiring or retention and intentional infliction of emotional distress. Summary judgment in favor of Region VIII and Ferguson, in his official capacity, was proper on these claims.

■ Independent of Region VIII's immunity, the Legislature specifically granted immunity to Ferguson in his position as director of Region VIII. Ferguson asserts his immunity pursuant to TEX. EDUC.CODE ANN. § 8.006.[7] As a supervisor, Ferguson is subject to the immunity provided under TEX. EDUC.CODE ANN. § 22 .051(a), (c)(1) (Vernon 1996).

Ferguson, as director of Region VIII, is protected from Davis' civil action in his individual capacity because of TEX. EDUC. CODE ANN. §§ 8.006 and 22.051(c)(1).[8]

---

**6.** The Tort Claims Act defines "governmental unit" as:

    (A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

    (B) a political subdivision of this state, including any city, county, school district, junior college district, . . .

    . . . .

    (D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.
TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(A), (B), (D) (Vernon Supp.2002).

**7.** "An employee or volunteer of a regional education service center is immune from liability to the same extent as an employee or volunteer of a school district." TEX EDUC. CODE ANN. § 8.006 (Vernon Supp.2002).

**8.** A "professional employee" includes:

    (1) a superintendent, principal, teacher, supervisor, social worker, counselor, nurse, and teacher's aide;

Therefore, Ferguson is immune from civil suit "except when disciplining a student [and he] uses excessive force or negligence which results in bodily injury to the student." *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 618 (Tex.1987), *citing Barr v. Bernhard,* 562 S.W.2d 844, 849 (Tex.1978).

In the motion for summary judgment, Ferguson relied on Section 22.051 of the Education Code. That section provides as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

Tex. Educ.Code Ann. § 22.051(a). This section then establishes an affirmative defense for professional school employees.

In her response to the motion for summary judgment, Davis contended Region VIII and Ferguson failed to establish that either party is a "school district" or an employee of a "school district" as referred to in Tex. Educ.Code Ann. § 22.051(a). Her contention regarding Ferguson is that he failed to point to any authority or factual proof that he enjoys the same immunities as an employee of a school district. As a matter of law, Ferguson enjoys the same immunities as school district employees and directed the trial court in his motion for summary judgment to Section 8.006 of the Texas Education Code, which grants employees and volunteers of a re-

gional education service center the same immunity from liability as school district employees and volunteers. As a matter of law, Ferguson is entitled to the immunities provided under Tex. Educ.Code Ann. § 22.051. The trial court properly granted Ferguson's motion for summary judgment based on governmental immunity.

Davis also contends that, even if Ferguson enjoys immunity under Section 22.051, he is not entitled to immunity in this case. In support of her position, Davis cites *Matthews v. High Island Indep. Sch. Dist.,* 991 F.Supp. 840 (S.D.Tex.1998), holding that an elementary school principal was not entitled to qualified immunity from teachers' allegations of sexual harassment, sexual misconduct, and unlawful retaliation in violation of Title VII, § 1983 under federal law, the First Amendment, and the TCHRA. In *Matthews,* the court ruled the defendant did not have a qualified immunity for violating Title VII. *Id.* at 847. We need not reach a decision as to whether Ferguson would be immune from civil suit under the TCHRA, because we have determined the trial court lacked subject-matter jurisdiction over Davis' retaliation claim. Therefore, the only remaining claim against Ferguson is for the common-law tort of intentional infliction of emotional distress. We conclude there is no genuine issue of material fact as to Ferguson's official immunity defense. Ferguson's official immunity under Section 22.051(a) of the Education Code bars the claim for intentional infliction of emotional distress because, under Section 22.051, he is immune from suit except in circumstances of excessive force in the discipline of students or negligence resulting in bodily injury to

. . . .
(4) any other person whose employment requires certification and the exercise of discretion.

Tex. Educ.Code Ann. § 22.051(c) (Vernon 1996).

students. *See* TEX. EDUC.CODE ANN. § 22.051(a).

The trial court did not err in finding that Region VIII had sovereign immunity and that Ferguson had sovereign immunity in his official capacity and official immunity in his individual capacity. Davis' first point of error is overruled.

The judgment is affirmed.