

# NUMBER 13-21-00071-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EDUCATION SERVICE CENTER REGION 2,** **Appellant,**

**v.**

**GLOBAL SPECTRUM, LP D/B/A
SPECTRA VENUE MANAGEMENT
AND NUECES COUNTY,** **Appellees.**

---

**On appeal from the County Court at Law No. 2
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina
Memorandum Opinion by Justice Benavides**

In this interlocutory appeal from the denial of a plea to the jurisdiction, we must decide whether appellant Education Service Center Region 2 (ESCR2) is a state or local governmental entity. ESCR2 contends that, as a unit of state government, the waiver of

immunity in Chapter 271 of the Local Government Code does not apply to appellees Global Spectrum, LP d/b/a Spectra Venue Management's (Global) and Nueces County's breach of contract claims. Because we agree, we reverse and render a judgment dismissing the claims for want of jurisdiction.

## I.  BACKGROUND

Nueces County owns the Richard M. Regional Fairgrounds, which includes a conference facility. Global manages and operates the fairgrounds on Nueces County's behalf.

ESCR2 rented the conference facility for a parent engagement conference. The licensing agreement between the parties contains an indemnity agreement whereby ESCR2 agreed to "indemnify, defend, and hold harmless [Global] and [Nueces County] . . . from and against any and all claims . . .  arising . . . from the use . . . of the Fairgrounds by [ESCR2], its employees, agents, contractors, exhibitors, invitees, guests or patrons." The licensing agreement also required ESCR2 to obtain commercial general liability insurance and name appellees as additional insureds.

Two attendees at the conference fell off a stage and sued all three parties for premises liability. Appellees filed cross-claims against ESCR2 for breach of contract after ESCR2 refused to defend and indemnify them from the attendees' claims. The cross-petition alleged that the trial court had jurisdiction over the cross-claims because they "arise out of, and [are] directly related to," the attendees' claims.

ESCR2 filed a plea to the jurisdiction contending that "Education Service Centers such as [ESCR2] have been deemed to be arms of the State of Texas/units of state

2

government, not local governmental entities such as school districts." ESCR2 further argued that Chapter 2260 of the Texas Government Code provides the exclusive process for resolving contractual disputes with state entities but does not waive ESCR2's immunity from appellees' contractual claims. ESCR2 concluded that appellees had failed to establish a waiver of immunity, and consequently, the trial court lacked subject-matter jurisdiction over appellees' claims.

Appellees filed a response arguing that Chapter 2260 does not apply to their contract claim with ESCR2 because the licensing agreement "does not involve a project" and "does not involve goods or services." Appellees posited that because their contractual dispute was not covered by Chapter 2260, they were necessarily permitted to file suit against ESCR2. According to appellees, their cross-claims for defense and indemnity under the licensing agreement did not "implicate" ESCR2's immunity.

ESCR2 replied that appellees "fail to recognize the basic principle that [ESCR2] is entitled to sovereign immunity and that such immunity is afforded to it by the common law, not by a legislative waiver of such immunity." ESCR2 reiterated that appellees "cannot point to any legislative waiver of sovereign immunity" that would apply to their contractual claims.

Appellees subsequently amended their cross-petition but did not make any new jurisdictional allegations. After a hearing, the trial court denied the plea, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II.    STANDARD OF REVIEW & APPLICABLE LAW

Subject matter jurisdiction is essential to a court's authority to decide a case. *Bland*

3

*Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993)). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). A plaintiff must plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction. *Fleming v. Patterson*, 310 S.W.3d 65, 68 (Tex. App.—Corpus Christi–Edinburg 2010, pet. struck) (citing *Tex. Air Control Bd.*, 852 S.W.2d at 446).

Sovereign immunity protects the State and its agencies from lawsuits for money damages and deprives a trial court of subject matter jurisdiction over the plaintiff's claims. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). Governmental immunity offers the same protections for political subdivisions of the State, including municipalities and school districts. *Id.* To prevail on a claim of immunity, the governmental defendant "may challenge the pleadings, the existence of jurisdictional facts, or both." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018).

"Governmental entities are typically immune from suit unless the state consents through an express legislative enactment." *City of Fort Worth v. Pridgen*, No. 20-0700, 2022 WL 1696036, at *4 (Tex. May 27, 2022) (citing *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019)). Chapter 271 of the Texas Local Government Code provides a limited waiver of immunity for certain contract claims against a "local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.152. Chapter 271 defines "local governmental entity" as "a political subdivision of this state, . . . including

4

a . . . public school district" but expressly excludes counties and any "unit of state government." *Id.* at § 271.151(3). The Texas Government Code defines "unit of state government" as "the state or an agency, department, commission, bureau, board, council, court, or other entity that is in any branch of state government and that is created by the constitution or a statute of this state." TEX. GOV'T CODE ANN. § 2260.001(4). Accordingly, Chapter 271's waiver of immunity does not apply to state entities. *Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding Chapter 271 did not waive the university's immunity from suit because it was a state entity).

Chapter 2260 of the Texas Government Code provides the exclusive procedure for resolving certain contractual disputes between state entities and their contractors "but does not waive sovereign immunity to suit or liability." TEX. GOV'T CODE ANN. §§ 2260.005–.006. Instead, "Chapter 2260 establishes a mediation process for certain disputes between state agencies and their contractors[, and] [i]f mediation fails, then a contractor may request that the state agency refer the contractor's claim to the State Office of Administrative Hearings for an administrative law judge to hear it." *In re City of Galveston*, 622 S.W.3d 851, 853 (Tex. 2021) (orig. proceeding). Finally, "the contractor may use the judge's findings and conclusions to seek payment of the claim through legislative appropriation." *Id.* Thus, regardless of whether Chapter 2260 applies to appellees' claims, it cannot serve as a valid waiver of immunity to suit that would establish the trial court's authority to hear this case. *See* TEX. GOV'T CODE ANN. § 2260.006.

### III.     ANALYSIS

The parties agree that ESCR2 is a governmental entity entitled to some form of immunity. But they dispute whether ESCR2 is a "local governmental entity" susceptible to Chapter 271's waiver of immunity or a "unit of state government" that falls outside the scope of Chapter 271.[1]

### A.     Motion to Strike

As a preliminary matter, appellees ask us to consider three interlocal agreements included as Tabs 2–4 in the appendix to their brief, as well as content on various websites, all of which allegedly support their position that ESCR2 is a local governmental entity. *See* TEX. R. APP. P. 38.1(k). ESCR2 filed a motion to strike, asking us to disregard the agreements and websites because they are outside the appellate record.

Our review is generally confined to the appellate record filed by the district clerk and the court reporter. *Arbor E & T, LLC v. Lower Rio Grande Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 29 (Tex. App.—Corpus Christi—Edinburg 2013, no pet.); *see* TEX. R. APP. P. 34. We may strike "material outside the record that is improperly included in or attached to a party's brief." *Id.* at 30 (quoting *Siefkas v. Siefkas*, 902 S.W.2d 72, 74 (Tex. App.—El Paso 1995, no writ)). This ensures that we only consider the evidence before

---

[1] We note that appellees did not allege in their cross-petition that ESCR2 is a local governmental entity or identify Chapter 271 as a waiver of immunity. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022) ("The party suing the governmental unit bears the burden of affirmatively showing waiver of immunity."). "We do not consider *issues* that were not raised in the courts below, but parties are free to construct new *arguments* in support of issues properly before the Court." *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 764 n.4 (Tex. 2014). The question ESCR2 presented to the trial court—and thus the question squarely before us—is whether the trial court lacks jurisdiction over appellees' contract claims because "Education Service Centers such as [ESCR2] have been deemed to be arms of the State of Texas/units of state government, not local governmental entities such as school districts." Because appellees' new jurisdictional argument turns on the same question, it is properly before us. *See id.*

the trial court when it made the ruling challenged on appeal. *See FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 147 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Because these interlocal agreements and websites were not considered by the trial court, we grant ESCR2's motion to strike and limit our review to the appellate record. *See Arbor*, 476 S.W.3d at 29–30.

## B.    ESCR2 is a "Unit of State Government"

Education Service Centers like ESCR2 are the middle rung of Texas's three-tiered education system, situated between local school districts and the Texas Education Agency and State Board of Education. *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex. 1996); *see* TEX. EDUC. CODE ANN. §§ 8.001–.124. The state is divided into twenty regions, and each Education Service Center (ESC) serves the various school districts within its region. TEX. EDUC. CODE ANN. § 8.001.

In *Perez v. Region 20 Education Service Center*—the case ESCR2 primarily relies on—the Fifth Circuit determined whether an ESC was an "arm of the state" for purposes of Eleventh Amendment sovereign immunity. 307 F.3d 318, 326–31 (5th Cir. 2002). "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Id.* (citing U.S. CONST. amend. XI). This protection "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* (quoting *Vogt v. Bd. Of Comm'rs*, 294 F.3d 684, 688–89 (5th Cir. 2002)). In *Perez*, the ESC and the State of Texas, appearing as amicus curie, took the position that ESCs were arms of the state, while the plaintiff argued that ESCs were more like local school districts. *Id.*

7

The *Perez* Court employed the following six-factor test:

(1) whether state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether the entity has the right to hold and use property.

*Id.* at 326–27 (citing *Clark v. Tarrant County*, 798 F.2d 744–45 (5th Cir. 1986)). The court found that each factor, to varying degrees, supported a conclusion that ESCs "are properly considered an arm of the State of Texas." *Id.* at 327–31. Of note, the court found that ESCs "are more closely aligned with state, rather than with local, government" under the Texas Education Code; ESCs primarily rely on state funding, and, unlike local school districts, they do not possess any taxing or bonding authority to raise funds; ESCs "are subject to significant supervision by the state Commissioner of Education" while local school districts enjoy "significant autonomy"; ESCs "serve as administrative divisions of the unitary state educational system" because their "primary mission . . . is to ensure statewide uniformity and quality in education"; and unlike local school districts, which are expressly authorized to acquire and hold real property at their discretion, ESCs must first seek approval from the Commissioner of Education. *Id.* (citations omitted).

Texas courts have reached similar conclusions. In a case involving employment discrimination claims, one of our sister courts concluded that ESC Region VII was a governmental unit entitled to sovereign immunity from suit as "an agency of the State." *Davis v. Educ. Serv. Ctr., Region VII*, 62 S.W.3d 890, 896 (Tex. App.—Texarkana 2001, no pet.). The *Davis* Court also concluded that when the plaintiff sued a Region VII supervisor in his official capacity, "she sued the State of Texas." *Id.* at 895; *see Franka v.*

8

*Velasquez*, 332 S.W.3d 367, 382 (Tex. 2011) (explaining that, generally, "a suit against a government employee in his official capacity is a suit against his government employer" (citing *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007)).

In a prior appeal, we also determined that ESCR2 was entitled to immunity from suit as "an agency of the State." *Educ. Serv. Ctr. Region II v. Marikudi*, No. 13-09-00371-CV, 2010 WL 1254603, at *2 & n.3 (Tex. App.—Corpus Christi–Edinburg Apr. 1, 2010, no pet.) (mem. op.).[2] Based on the limited record before us, we have no reason to now conclude otherwise or disagree with the extensive analysis undertaken by the Fifth Circuit in *Perez*.

Nevertheless, Nueces County and Global direct us to a 2014 Texas Attorney General Opinion in which the State seemed to retreat from its previous position as an amicus in *Perez*. In the opinion, then-Attorney General Greg Abbott deferred to a state agency's conclusion that an ESC was a "local government" under the Local Government Records Act because, according to the opinion, "the law governing ESCs does not clearly categorize these entities as either state agencies or local governments." Tex. Att'y Gen. Op. No. GA-1038, at 2 (2014). Of course, as the Supreme Court of Texas recently reiterated, Attorney General opinions are merely advisory. *In re Abbott*, No. 22-0229, 2022 WL 1510326, at *2 (Tex. May 13, 2022).

The opinion is also not particularly helpful to our analysis because it neither

---

[2] Appellees point out that in *Marikudi* we also described ESCR2 as a "quasi-governmental unit." *Educ. Serv. Ctr. Region II v. Marikudi*, No. 13-09-00371-CV, 2010 WL 1254603, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 1, 2010, no pet.) (mem. op.). However, in *Marikudi* we did not consider the specific question presented in this appeal. *See id.* at 1. Instead, we determined whether the plaintiff satisfied the notice requirements under the Texas Tort Claims Act. *Id.* at *3–7.

explains why the Attorney General considers ESCs difficult to categorize, nor cites any authority for this proposition. *See id.* Whatever persuasive value the opinion may have, we disagree with appellees' suggestion that the opinion "concluded that ESCs are, in fact, local governmental entities rather than arms of the state." Instead, the opinion takes no definitive position on the matter. *See id.* As the *Perez* Court noted, Attorney General opinions have historically been inconsistent in their characterization of ESCs, referring to an ESC as a "state agency" in one opinion, but then stating in another opinion that ESC employees are "hired by and accountable to the local board of directors" instead of the state board.[3] *Perez*, 307 F.3d at 328 n.4 (first quoting Tex. Att'y Gen. Op. No. MW-61, at 3 (1979); and then quoting Tex. Att'y Gen. Op. No. JM-203, at 12 (1984)).

After surveying these various persuasive authorities, we find the analysis from *Perez* well-reasoned and adopt it as our own. Because ESCR2 is a "unit of state government," Chapter 271's waiver of immunity does not apply to appellees' contract claims, and the trial court erred when it denied ESCR2's plea to the jurisdiction. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(3), 271.152.

### IV. CONCLUSION

We reverse and render a judgment of dismissal for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
30th day of June, 2022.

---

[3] We invited the Solicitor General of Texas to submit an amicus brief clarifying the views of the State. *See* TEX. R. APP. P. 11. Although the Solicitor General accepted our invitation and submitted a brief, the State ultimately declined to address the issue, saying it "takes no position."