**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-10402
_____

SHERMAN WALLACE JONES,

Plaintiff-Appellant-Cross-Appellee,

versus

GRINNELL CORPORATION,

Defendant-Appellee-Cross-Appellant.

Appeals from the United States District Court
For the Northern District of Texas

January 4, 2001

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Sherman Wallace Jones ("Jones") sued Grinnell Corporation ("Grinnell"), alleging that it had dismissed him in violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.001, *et seq* ("Texas Human Rights Act"). A jury ruled in favor of Jones. Grinnell now cross-appeals the district court's denial of its motion for judgment as a matter of law in regards to liability. We vacate the judgment below, finding that Jones' failure to exhaust state administrative remedies precluded the district court from asserting jurisdiction.

Jones had worked as a warehouse manager and supervisor at Grinnell for nine years. On January 31, 1997, Grinnell informed Jones, fifty-seven years old at the time, that it would eliminate his position as part of the company's reorganization plan. Jones filed an age discrimination complaint with the Equal Employment Opportunity Commission on February 20.

Under a Worksharing Agreement between the Texas Commission on Human Rights ("TCHR") and the EEOC, an aggrieved employee can initiate the administrative process of both agencies by lodging a charge of discrimination with only the EEOC.[1] Significantly, while Jones addressed the EEOC complaint to both agencies, he failed to check a box in the bottom of the form stating that he wanted the charge to be "filed with both the EEOC and the State or local agency." Jones also did not cite to any state law violated; he only mentioned the federal Age Discrimination in Employment Act. The EEOC apparently did not forward the charge of discrimination to the TCHR. It is unclear from the record if the EEOC merely overlooked forwarding the complaint, or if it interpreted Jones's complaint as not demanding a dual-agency filing.

The EEOC issued a "right to sue" letter on April 27. About two weeks later, Jones filed a lawsuit in state court alleging a violation of the Texas Human Rights Act, a state-based analogue of federal anti-discriminatory statutes. At the time Jones filed his civil action, he had not received a right to sue letter from the TCHR. Grinnell later removed the case to federal court on diversity grounds.

A jury found that Grinnell had dismissed Jones in violation of the Texas Human Rights Act, and awarded him damages. Following the adverse jury verdict, Grinnell filed a motion for judgment

---

[1] The TCHR and the EEOC are the administrative agencies for the state Texas Human Rights Act and the federal anti-discriminatory statutes, respectively. Like Title VII, the Texas Human Rights Act requires complainants to file and exhaust charges of discrimination with the administrative agencies before filing a civil action.

as a matter of law ("JMOL"). The magistrate judge denied Grinnell's JMOL motion as to liability, finding, among other things, that the court had subject matter jurisdiction. On the damages issue, the magistrate judge granted Grinnell's JMOL motion and significantly reduced the damages. Jones filed this appeal to dispute the damages decision, while Grinnell cross-appealed the district court's denial of its JMOL motion as to liability.

We review the district court's jurisdictional ruling *de novo*. *See Pederson v. La. State Univ.*, 23 F.3d 858, 869 (5th Cir. 2000).

This case presents an issue of first impression of whether an EEOC right to sue letter is interchangeable with a TCHR right to sue letter for purposes of filing a civil action.[2] We hold that it is not. The district court did not have subject matter jurisdiction over the Texas Human Rights Act claim because Jones had not received a right to sue letter from the TCHR or exhausted all state administrative remedies. The Texas Human Rights Act requires the exhaustion of state remedies as a jurisdictional prerequisite. *See Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991) (holding that a complainant "must first exhaust the [Texas Human Rights Act's] administrative remedies prior to bringing a civil action").

---

[2] The district court did not address the question of whether Jones actually initiated the TCHR's administrative process when he filed a charge of discrimination with the EEOC. Some courts have held that the failure to check the dual-agency box does not prevent the complaint from being filed with the TCHR. *See, e.g., Nash v. D.S. Nash Constr. Co.*, 70 F.Supp.2d 639 (W.D. Va. 1999) (despite the employee's failure to check the dual-agency box, the complaint was filed with both agencies because of the Worksharing Agreement). One potentially significant factual difference between *Nash* and our case is that EEOC did not forward the complaint to the TCHR in our case. Consequently, the TCHR did not have notice of Jones's complaint, and could not have initiated a mediation process. *See* TEX. LAB. CODE. ANN. § 21.203 (encouraging "settlement negotiations, conciliation, facilitation, mediation"). There is no clear precedent regarding whether the Texas Human Rights Act requires the actual transmittal of the EEOC charge. We need not decide this issue today because assuming *arguendo* that Jones had met the filing requirement, we still find that he failed to exhaust his state administrative remedies.

The district court erroneously assumed that it could hear a Texas Human Rights Act claim on equitable grounds, despite Jones's failure to exhaust state administrative remedies. That is not the case. If a complainant fails to exhaust his state administrative remedies, the Texas Human Rights Act jurisdictionally bars this court from hearing the case)) regardless of equitable and policy concerns. *See Zevator v. Methodist Hosp. of Houston*, No. CIV.A.94-859, 1995 WL 500637, *2 (S.D. Tex. March 30, 1995) ("TCHR's administrative and procedural requirements [are] jurisdictional and mandatory"); *Ridgway's, Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex. Ct. App. 1993) ("Failure to exhaust administrative remedies set forth in the Texas Commission of Human Rights Act [citations omitted] constitutes a jurisdictional bar to bringing suit under the Act").

Under the Texas Human Rights Act, a complainant must first exhaust his state administrative remedies and request a right to sue letter from the TCHR before filing a civil action. The exhaustion requirement can be met only two ways: (1) the TCHR does not find reasonable cause and dismisses the complaint; or (2) the TCHR cannot resolve the complaint within 180 days. *See* TEX. LAB. CODE. ANN. § 21.208.[3] Jones neither received a right to sue letter from the TCHR nor waited 180 days for the TCHR to resolve his complaint. His failure to exhaust state remedies precludes this civil action.

Furthermore, the EEOC's right to sue letter cannot substitute for a TCHR right to sue letter. Admittedly, under the Worksharing Agreement, the EEOC and the TCHR "designate [each] other

---

[3]      We note that § 21.252(d) of the Texas Human Rights Act can potentially cause confusion about the exhaustion requirement. That section explains that the "[f]ailure to issue [a right to sue letter] does not affect the complainant's right...to bring a civil action." We do not interpret this section as allowing a complainant to file a civil action, regardless of whether he exhausted his state administrative remedies. Rather, we read it to mean that a complainant who has exhausted his remedies or waited 180 days can file a civil action if the TCHR neglects to issue timely a right to sue letter. Otherwise, the administrative scheme would become a mere formality, as a complainant could file a Texas Human Rights Act complaint, and then file a civil action the same day.

as its agent for the purpose of receiving and drafting charges." But the federal-state cooperation does not extend to the exhaustion of administrative remedies. *Cf. Housing Auth. v. Valdez*, 841 S.W.2d 850, 866 (Tex. Ct. App. 1992) (noting the difference between "filing and pursuing a complaint with the Commission").

Indeed, the Worksharing Agreement expressly cautions that it "does not include the right of one Agency to determine the jurisdiction of the other Agency over a charge." Similarly, the Fifth Circuit recently held in a different context that "[w]e cannot agree with the district court that an EEOC 'right to sue' letter is interchangeable with a TCHR 'right to file a civil action' letter." *Vielma v. Eureka Co.* 218 F.3d 458, 464 (5th Cir. 2000) (holding that the right to sue letters are not interchangeable in terms of triggering the 60-day filing requirement).

To hold otherwise would upset the intricate interplay between the federal and state anti-discrimination agencies. We note that Jones, after receiving his EEOC right to sue letter, had initially filed a Texas Human Rights Act claim in state court (before Grinnell removed it to federal court). If we accepted the district court's ruling, it would mean that a federal agency could determine a state court's jurisdiction to hear a purely state law claim. We do not believe that the Working Agreement or the Texas Human Rights Act intended that result.

We vacate the judgment and dismiss for lack of jurisdiction.