**Holly K. COEN, Plaintiff–Appellant,**

v.

**RIVERSIDE HOSPITAL and Sandy Schultt, Defendants–Appellees.**

No. 99–4412.

United States Court of Appeals, Sixth Circuit.

Jan. 18, 2001.

Before MERRITT, WELLFORD, and SILER, Circuit Judges.

PER CURIAM.

Holly Coen sued her former employer, Riverside Hospital ("Riverside"), pursuant

to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the state disability discrimination statute, Ohio Rev.Code § 4112.02.

We affirm the opinion of District Judge James G. Carr granting summary judgment to defendants on the merits, but we find that plaintiff did not fulfill the procedural requirements of the Equal Employment Opportunity Commission ("EEOC") and that her case should have been dismissed on that ground. Defendants asserted the following defenses to the suit filed on May 27, 1997, based upon an alleged violation of the Americans With Disability Act ("ADA"):

> Plaintiff's claims are barred because she failed to timely initiate and exhaust available administrative and contractual remedies. Plaintiff failed to comply with some or all of the procedural prerequisites for maintaining a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and/or the Ohio Fair Employment Practices Act, R.C. § 4112.02 *et seq.*

.    .    .    .    .

> Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

The complaint averred that Coen was discharged May 9, 1996, and that she filed charges with the EEOC on or about August 6, 1996. She avers receipt of a "'right to sue' ['RTS'] letter from the EEOC" on February 25, 1997.[1] There was an interval of ninety-one days from the date Coen says she received the right-to-sue letter and the filing of the suit. A legal holiday, Memorial Day, occurred on the ninetieth day, May 26, 1997.

The EEOC letter, dated January 31, 1997 and postmarked February 10, 1997, rejected plaintiff's ADA claim and in-

formed her of her right to bring suit within ninety days of her receipt of the notice with the ninety-day period limit emphasized by capital letters and underlining:

> Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in U.S. District Court. If you decide to sue, your must sue *WITHIN 90 DAYS* from your receipt of this Notice; otherwise your right to sue is lost.

Plaintiff does not deny that the postman left a notice of the EEOC letter at her address on *February 12* and on *February 19* before she picked up the letter allegedly on February 25, 1997. I believe it may be more than fortuitous that plaintiff claims she "received" the notice on the last possible date that might avoid an untimeliness defense.

This court recently held that "the deposit of a post attempt-to-deliver advisory at the claimant's last known residential address of record within the five-day mailing interval ordinarily will constitute constructive receipt of the RTS notice by the claimant." *Graham–Humphreys v. Memphis Brooks Museum of Art. Inc.*, 209 F.3d 552, 560 (6th Cir.2000). *Graham–Humphreys* reiterated that:

> [t]he Sixth Circuit has resolved that notice is *given*, and hence the ninety-day limitations terms begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presump-

---

1. This letter was mailed to plaintiff on *January 31, 1997.*

tion with proof that he or she did not *receive* notification within that period. *Id.* at 557 (footnote omitted); *see King v. Henderson,* No. 99–1800, 2000 WL 1478360 (6th Cir. Sept. 27, 2000) (unpublished) (following *Graham–Humphreys* ); *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 474–75 (6th Cir.1986); *Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 325–27 (6th Cir.1988). The following facts in *Graham–Humphreys* are strikingly similar to the facts in this case.

The EEOC letter notifying plaintiff of her right-to-sue was postmarked March 7, 1996, but plaintiff was not at her address to receive the notice. Then, the postman, on March 8, 1996 and March 13, 1996, left at her address the form Postal Service attempt-to-deliver notification, which stated that a certified letter addressed to the plaintiff could be claimed at the local post office. Plaintiff never picked up the letter, which was then returned to the EEOC. As a courtesy, an EEOC employee notified plaintiff that her letter had been returned, after which plaintiff obtained the letter. This court held that plaintiff's ninety-five-day period began to run from March 7, 1996, when the letter was postmarked, unless plaintiff proved she did not receive the letter within five days. 209 F.3d at 558. *Graham–Humphreys* decided that plaintiff had "constructively 'received' her RTS notification on March 8, 1996, the day that the letter carrier deposited the first of two official notifications," and this was within five days of the posted date. *Id.* "Because [plaintiff] 'received' imputed notice of her right to litigate during the five-day mailing period (March 8 through March 13, 1996), the ninety-day limitations countdown began on March 13, 1996, the fifth day following the EEOC's March 7, 1996 mailing." *Id.*

In *Graham–Humphreys,* the court noted that plaintiff conceded that she knew, or suspected, that the certified delivery contained her right-to-sue letter, but it determined that if she had not conceded as much, she would still be properly charged with such knowledge, "because she indisputably knew that her RTS notice would be proximately arrived by United States mail," and "most adult Americans are cognizant that critical, time-sensitive official communications are frequently dispatched via certified mail." *Id.* at 559. The court also rejected plaintiff's equitable tolling argument, which is reviewed for abuse of discretion, and decided that "[t]he arguable absence of any significant prejudice to the defendant if this court were to permit the plaintiff's filing out of rule is immaterial, because no other factor supports the plaintiff's equitable tolling posture." *Id.* at 561, 562 n. 12.

█ In this case, the district court erred in denying defendant's motion to dismiss for untimeliness. Under *Graham–Humphreys* and other Sixth Circuit authority, the notice of attempted delivery left at Coen's address on February 12, 1997, constituted constructive receipt of her letter, and her ninety-day period began to run on February 15, five days after the posted date on the RTS notification. Coen did not file her complaint with the district court until May 27, 1997, which was well over ninety-days after February 17.

As stated in *King v. Henderson,* 230 F.3d 1358, 2000 WL 1478360 (6th Cir. 2000):

> In the case instanter, summary judgment for the defendant was mandatory, because, as developed herein, irrespective of the misleading allegations asserted in King's complaint, the relevant material evidence, even when construed most favorably for the plaintiff, could not sustain a factual finding that she has satisfied the prerequisite element of prior exhaustion of available administrative

procedures, because she neglected, in the absence of any viable equitable justification or excuse, to file her administrative charge within the limitations period, and thus her instant court action is forever barred.

. . .

The federal courts sparingly resort to equitable tolling. *See Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 28–29 (6thCir.1987) (per curiam); *Brown v. Mead Corp.,* 646 F.2d 1163, 1165 (6th Cir.1981). Typically, equitable tolling will apply only when the litigant's failure to satisfy a deadline resulted from circumstances beyond her control. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). In all events, a litigant who seeks equitable tolling or estoppel "must come with clean hands." *Banks,* 855 F.2d at 327.

(Footnotes omitted.)

We therefore reverse the ruling of the district court on the timeliness issue properly pursued by the defendant and hold that Riverside was entitled to summary judgment on that basis. Plaintiff did not comply with her statutory mandate to file a timely ADA claim. Nevertheless, we reach the merits of the claim.

■ Coen began work at Riverside in 1995 as a recreation therapist in the psychiatric unit. During a probationary period, plaintiff was censured but the period was extended through July 23, 1996, with certain options. Coen received a medical report during the probationary period that she should be excused from work for two weeks. Riverside discharged her on May 9, 1996, based upon failure of performance and inability to get along with other hospital employees. In her response to River-side's motion for summary judgment on the merits of her claim, Coen claimed a failure "to make 'reasonable accommodation' to her physical and mental limitations." After her termination, Coen was referred to another doctor for neurological reevaluation.

Plaintiff asserted in her response (defendant claims for the first time as to some of her alleged conditions) "seizure, headaches and memory problems," which she acknowledges "[d]octors had a very difficult time diagnosing." Among other things in this response, Coen admitted:

Ms. Coen's memory problems affected her ability to learn new tasks required of her employment. She could not remember information given to her in weekly supervisory meetings, she could not remember new instruction on the care of patients, nor could she remember details necessary for the completion of patient forms (including Master Treatment Plans).

Among other things in this response, plaintiff admitted that she and another employee engaged in a "yelling" session while on duty, that she was late for a group program, and that she failed to assist co-workers in an emergency. She claimed also that she had experienced a seizure disorder for many years but did not reveal this information when employed. Coen's affidavit conceded that "[her] doctors were not able to diagnose the precise medical problems."

The magistrate judge and the district judge in this case made a thorough analysis of the facts, circumstances, and issues before the court arising out of his controversy. We find no error in the conclusion reached that Riverside is entitled to summary judgment on this record.

Since we find there can be no liability for Riverside, we similarly hold there can

be no liability as to Schultt. Accordingly, for the reasons stated we AFFIRM the judgment entered for defendants.

MERRITT, Circuit Judge, concurring.

While I agree that the district court correctly decided the merits of the plaintiff's claims, I am unable to concur with the majority's holding on the question of the timeliness of the plaintiff's complaint. Although that issue was raised before the district court, it was not raised on appeal. I do not think it is possible to determine from the record enough of the facts relating to the plaintiff's receipt of her right-to-sue letter to enable this court to decide whether or not the doctrine of equitable tolling should apply. Therefore, I would limit our inquiry and I would affirm the district court's order granting the defendant's motion for summary judgment.