**Marcelyn K. BOONE, Individually and on Behalf of Similarly Situated Persons, Plaintiff,**

v.

**UNION CARBIDE CORPORATION, Defendant.**

**No. CIV.A.G–01–649.**

United States District Court, S.D. Texas, Galveston Division.

May 24, 2002.

---

Anthony P Griffin, Galveston, TX, Barbara L Johnson, Paul Hastings et al, Washington, DC, for Marcelyn K Boone, Individually, and On Behalf of Similarly Situated Persons, plaintiff.

Barbara L Johnson, Gregory R Watchman, Paul Hastings et al, Washington, DC, for Union Carbide Corporation, defendant.

*ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S MOTION TO DISMISS PLAIN-TIFF'S FIRST AMENDED COM-PLAINT*

KENT, District Judge.

Plaintiff Marcelyn K. Boone ("Boone") brings this lawsuit individually and on behalf of other female employees similarly situated against Defendant Union Carbide Corporation ("Union Carbide"), alleging violations of the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code § 21.001 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically, Boone alleges that her former employer, Union Carbide, unlawfully discriminated against her and other similarly situated· female employees on the basis of their sex by denying them promotions to assistant managerial positions in favor of their lesser qualified male counterparts. On the basis of these events, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 10, 1999, and the EEOC issued a right to sue letter to Plaintiff. On September 27, 2001, Plaintiff filed this action in the 122nd Judicial District Court of Galveston, County, Texas, alleging a solitary claim under the TCHRA. On October 19, 2001, Defendant removed the action to this Court on the basis of federal diversity jurisdiction. Plaintiff thereafter filed a First Amended Complaint on March 19, 2002, adding a cause of action under Title VII. Now before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. For the reasons articulated below, Defendant's Motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

## I.

### A. Plaintiff's TCHRA Claim

 Defendant first argues that Plaintiff's claim under the TCHRA should be dismissed for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). The burden of proof on a motion to dismiss under Rule 12(b)(1) is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984); *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex. 1995). Additionally, a motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Home Builders Ass'n,* 143 F.3d at 1010; *Benton v. United*

*States,* 960 F.2d 19, 20 (5th Cir.1992). When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Builders Ass'n,* 143 F.3d at 1010 (applying standard in context of Rule 12(b)(1)); *Home Capital Collateral, Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir.1996); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994) (both applying standard in context of Rule 12(b)(6)). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. Of Harris County,* 836 F.2d 921, 926 (5th Cir.1988).

■ In the instant case, Defendant contends that Plaintiff has failed to exhaust her administrative remedies under the TCHRA, thereby stripping this Court of subject matter jurisdiction. Specifically, Defendant argues that Plaintiff's failure to procure a right to sue letter from the Texas Commission on Human Rights ("TCHR") bars her TCHRA claim as a matter of law. In her Response, Plaintiff essentially concedes this point. Notwithstanding Plaintiff's concession, the Court agrees with Defendant's analysis on the merits. The Fifth Circuit recently addressed the issue of whether an EEOC right to sue letter is interchangeable with a TCHR right to sue letter for the purposes of bringing a civil action in *Jones v. Grinnell Corporation,* 235 F.3d 972 (5th Cir.2001). In *Jones,* the plaintiff filed a charge of discrimination with the EEOC, but failed to check the box at the bottom of the form indicating that he wanted to file the charge concomitantly with the TCHR.[1] *See id.* at 973. The EEOC consequently issued a right to sue letter to Jones, but did not forward Jones' complaint to the TCHR. *See id.* at 973–74. Jones then filed a lawsuit alleging a violation of the TCHRA, which was later removed to federal court on diversity grounds. A jury determined that Jones had been unlawfully discharged in violation of the TCHRA, and awarded him damages. *See id.* at 974. On appeal, the Fifth Circuit vacated the judgment and dismissed the lawsuit for lack of subject matter jurisdiction. The court explained that subject matter jurisdiction was lacking over Jones' TCHRA claim because Jones had not received a right to sue letter from the TCHR or exhausted all of his administrative remedies, as expressly required under the TCHRA.[2] *See id.* at 974–75. Although acknowledging that Jones had received a right to sue letter from the EEOC, the

---

1. Under a Worksharing Agreement between the EEOC and the TCHR, an aggrieved employee can initiate the administrative process of both agencies by lodging a charge of discrimination with only the EEOC. *Jones,* 235 F.3d at 973.

2. Under the TCHRA, a complainant must exhaust his administrative remedies and request a right to sue letter from the TCHR prior to bringing a civil action. The exhaustion requirement can be satisfied in two ways: (1) the TCHR does not find reasonable cause and dismisses the complaint; or (2) the TCHR

court held that an EEOC right to sue letter cannot substitute for a TCHR right to sue letter since "federal-state cooperation does not extend to the exhaustion of administrative remedies." *Id.* at 975 (citation omitted). The *Jones* court observed that to hold otherwise "would upset the intricate interplay between the federal and state anti-discrimination agencies" and erroneously imply that "a federal agency could determine a state court's jurisdiction to hear a purely state law claim." *Id.*

Under the lucid mandates of *Jones*, this Court clearly lacks subject matter jurisdiction over Boone's TCHRA claim. Like the plaintiff in *Jones*, Boone filed a charge of discrimination with the EEOC, but neglected to check the box requesting that the charge simultaneously be filed with the TCHR. As a result, the EEOC issued a right to sue letter to Boone, but did not forward the complaint to the TCHR. Because Boone never filed a charge of discrimination with the TCHR, nor received a right to sue letter from the TCHR, nor exhausted her administrative remedies under the TCHRA, this Court cannot preside over her TCHRA claim.[3]

## B. Plaintiff's Title VII Claim

■■■ Union Carbide also seeks to dismiss Plaintiff's Title VII claim on the

ground that it is time-barred. Although Defendant does not state whether its motion is predicated upon Rule 12(b)(1) or Rule 12(b)(6), a motion to dismiss for failure to comply with Title VII's statutory filing period, like other statutes of limitations defenses, is properly decided under Fed.R.Civ.P. 12(b)(6).[4] *See Piraino v. United States Postal Service*, 69 F.Supp.2d 889, 893 (E.D.Tex.1999) (noting that "time limits for filing an administrative claim or a civil action are not jurisdictional, but rather operate as a statute of limitations, and are subject to waiver, estoppel an equitable tolling"). Accordingly, the Court must accept as true all well-pleaded allegations in Plaintiff's complaint, and view them in a light most favorable to the plaintiff. *See Malina*, 994 F.2d at 1125 (5th Cir.1993).

■■■ A plaintiff is required to file a Title VII action within ninety days of receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e–5(f)(1). In this case, Boone avers in her First Amended Complaint that she received the right to sue letter on or about June 28, 2001. However, Boone clarifies in her Response that the right to sue letter was actually mailed by the EEOC on June 29, 2001 (as evidenced by the mailing date printed on the

cannot resolve the complaint within 180 days. *See* Tex. Lab.Code Ann. § 21.208.

3. Since the Court finds that it lacks subject matter jurisdiction over Plaintiff's TCHRA claim, it need not reach Defendant's alternative argument that Plaintiff's TCHRA claim was untimely filed.

4. Plaintiff suggests that Defendant's Motion should be evaluated as a motion for summary judgment under Fed.R.Civ.P. 56 because Defendant attaches two exhibits to its Motion: Plaintiff's charge of discrimination filed with the EEOC, and an Affidavit of No Records issued by the TCHR. Rule 12(b) stipulates in relevant part: "If, on a motion asserting the defense numbered (6) to dismiss for failure of

the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(b). In this case, it is obvious that the two attached exhibits are relevant only to Defendant's Motion to Dismiss Plaintiff's TCHRA claim under Fed.R.Civ.P. 12(b)(1), *not* Defendant's Motion to Dismiss Plaintiff's Title VII claim under Fed.R.Civ.P. 12(b)(6). Accordingly, the Court is not considering the attached evidence in deciding the viability of Plaintiff's Title VII claim, and therefore is not required to treat this motion as a motion for summary judgment under Rule 56.

right to sue letter), and then received by Plaintiff on or about July 1, 2001. Plaintiff thereafter filed a lawsuit against Union Carbide in state court on September 27, 2001, alleging a claim under the TCHRA only. On October 19, 2001, Defendant removed the action to this Court. Finally, on March 19, 2002, Plaintiff filed her First Amended Complaint to allege an additional cause of action under Title VII.

 Based on these facts, the Court concludes that Plaintiff's Title VII claim was timely filed. Assuming that Plaintiff received the EEOC right to sue letter on or about July 1, 2001, Plaintiff's state court lawsuit was filed just within the ninety day period prescribed under Title VII.[5] Although Plaintiff's Original Complaint, filed on September 27, 2001, alleged only a cause of action under the TCHRA, the Court finds that Plaintiff's First Amended Complaint containing Plaintiff's Title VII claim relates back to the date of the filing of Plaintiff's Original Complaint, such that Plaintiff's Title VII claim was timely filed on September 27, 2001. Rule 15(c) of the Federal Rules of Civil Procedure permits an amended pleading to relate back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . ." Fed.R.Civ.P. 15(c).[6] This standard applies even when the court lacks subject matter jurisdiction over the claims in the original pleading. In the specific environment of

---

**5.** The Court is obliged to accept as true Plaintiff's factual allegation that she received the EEOC right to sue letter on or about July 1, 2001. Even if this were not the case, the accuracy of Plaintiff's recollection is bolstered by the presumption in Title VII cases that an EEOC right to sue letter is received within three to five days after the letter is mailed. *See, e.g., Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (presuming receipt within three days of delivery based upon Fed.R.Civ.P. 6(e)); *Lozano v. Ashcroft,* 258 F.3d 1160, 1167 (10th Cir.2001) (presuming receipt no more than five days after mailing date); *Coen v. Riverside Hosp.,* 2 Fed. Appx. 449, 450–51 (6th Cir.2001) (holding that the 90–day limitations period begins running on the fifth day following the EEOC's mailing); *Ocasio v. Fashion Inst. of Tech.,* 9 Fed. Appx. 66, 68 (2d Cir.2001) (applying "usual presumption that the letter was received within three days after mailing"); *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir.1999) (same); *Sherlock v. Montefiore Medical Ctr.,* 84 F.3d 522, 525–26 (2d Cir.1996) (same). *Cf. Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir.1989) (recognizing the common law principle that "[p]roof that a letter properly directed was placed in a U.S. Post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed"). Here, Plaintiff reasonably claims that she received the right to sue letter approximately two days after it was mailed. Because the record shows that the EEOC mailed the right to sue letter on June 29, 2001, and because Defendant proffers no evidence to rebut Plaintiff's allegation that she received the letter two days later, or the alternative presumption that Plaintiff received the letter within three to five days later, the Court accepts the veracity of Plaintiff's allegation that she received the right to sue letter on or about July 1, 2001.

**6.** Defendant also cites Texas statutes to support its position that Plaintiff's Title VII claim should not relate back to Plaintiff's TCHRA claim. However, the Court can conceive of no basis for applying Texas law in this instance. Although Plaintiff originally filed this lawsuit in state court, it was removed by Defendant prior to the filing of Plaintiff's First Amended Complaint. As such, the propriety or impropriety of Plaintiff's amended pleading is governed by the Federal Rules of Civil Procedure. *See Mont Belvieu Square, Ltd. v. City of Mont Belvieu,* 27 F.Supp.2d 935, 939 n. 1 (S.D.Tex.1998) (Kent, J.) (recognizing that the relation-back defense to a plea of limitations was governed by state law because the plaintiff amended its petition to include federal causes of action while the action was still in state court).

Title VII claims, the Fifth Circuit held in *Sessions v. Rusk State Hospital*, 648 F.2d 1066 (5th Cir. Unit A June 1981), that "the relation-back doctrine makes a Title VII claim against a state employer timely despite the fact that the Section 1981 claim was barred by the eleventh amendment if both claims assert in essence the same charge of racial discrimination." *Id.* at 1070; *see also Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184 (5th Cir.1980) (holding the same in the context of a Title VII claim against a private employer). In justifying its decision, the Fifth Circuit reiterated the settled principle that "[a] complaint that is defective because it does not allege a claim within the subject matter jurisdiction of a federal court may be amended to state a different claim over which the federal court has jurisdiction." *Id.* The court then reasoned that "[s]o long as the Title VII claim is based on the discrimination originally charged in the complaint, allowing it to relate back to the date of filing the Section 1981 claim works no hardship on the defendant" since the original complaint furnishes adequate notice of the lawsuit. *Id.*

Applying these concepts to the case at hand, it is clear that Plaintiff's First Amended Complaint relates back to the date of the filing of Plaintiff's Original Complaint. As required by the plain terms of Rule 15(c), Plaintiff's Title VII claim arises out of the identical conduct, transaction, or occurrence as Plaintiff's TCHRA claim—namely, Defendant Union Carbide's allegedly wrongful and systematic denial of promotions to Plaintiff and other similarly qualified female employees. Plaintiff's First Amended Complaint avers and relies upon the exact same facts as Plaintiff's Original Complaint, thereby placing Defendant on adequate notice of the substance of Plaintiff's allegations within the requisite ninety day statutory window. Because Plaintiff's Original Complaint alleging a cause of action under the TCHRA was timely filed on September 27, 2001, and because Plaintiff's Title VII claim asserted in Plaintiff's First Amended Complaint arises out of the identical conduct, transaction, or occurrence as Plaintiff's Original Complaint, the Court finds that Plaintiff's Title VII claim relates back to the date of the filing of Plaintiff's Original Complaint pursuant to Fed.R.Civ.P. 15(c), such that Plaintiff's Title VII claim is not time-barred as a matter of law.

## II.

For all of the reasons set forth above, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. The Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's state law claim brought under the TCHRA *only*, without affecting Plaintiff's Title VII claim or any other claims still pending in this action. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**