11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Benita Garrison,
Lakerrie Owens,

and Tracey Stanley

 

Appellants

Vs.                   No. 11-03-00143-CV B
Appeal from Dallas County

Texas
Department of Criminal Justice

Appellee

 

Appellants, Benita Garrison, Lakerrie Owens, and
Tracey Stanley, filed this suit on November 20, 2001, alleging sexual
harassment and retaliation by the Texas Department of Criminal Justice (TDCJ)
in violation of TEX. LAB. CODE ANN. ch. 21 (Vernon 1996 & Supp. 2004).  All three women were parole officers.  TDCJ filed a plea to the jurisdiction and a
traditional motion for summary judgment. 
TDCJ asserted that the three appellants had not exhausted their state
administrative remedies and that, in any event, the suit by Garrison and Owens
for sexual harassment was not filed within the two-year period required by
Section 21.256.  TDCJ also asserted that
all three appellants failed to provide evidence sufficient to demonstrate an
actionable level of sexual harassment or retaliation.  Although it did not specify the grounds, the
trial court granted TDCJ=s
plea to the jurisdiction and motion for summary judgment.  We affirm.








Chapter 21 of the Texas Labor Code, known as the
Texas Commission on Human Rights Act (TCHRA), was enacted to provide for the
execution of the federal policies embodied in Title VII of the Civil Rights Act
of 1964 and in Title I of the Americans with Disabilities Act of 1990.  Section 21.001; Schroeder v. Texas Iron
Works, Inc., 813 S.W.2d 483, 485 (Tex.1991).  Both federal statutes provide that, if a
state has its own anti-discrimination laws and fair employment practice agency,
the Equal Employment Opportunity Commission (EEOC) must defer its processing of
a discrimination complaint until the state has had at least 60 days to
investigate and resolve it.  42 U.S.C. ' 2000e-5(c) (2004) and 29 U.S.C. ' 633 (2004).  The TCHRA established the Texas Commission on
Human Rights (TCHR) as the state Adeferral
agency@ to
investigate and resolve employment discrimination claims.  See Shroeder v. Texas Iron Works, Inc.,
supra at 485; Stinnett v. Williamson County Sheriff=s Department, 858 S.W.2d 573, 576
(Tex.App. B Austin
1993, writ den=d).  The statutes mandating deferral by the EEOC
and an investigation by the TCHR contemplate, however, that the charges have
been filed with both the EEOC and the TCHR. 
See 42 U.S.C. '
2000e-5(c) & (d) (2004); 29 U.S.C. '
633 (2004); Section 21.204.

In its plea to the jurisdiction, TDCJ asserted
that Owens and Garrison had not exhausted their state administrative remedies
because they never filed with the TCHR their charges of sexual harassment by
their supervisor, Charles Lindsey. 
Complaints of unlawful employment practices, such as sexual harassment,
must be filed with the TCHR within 180 days following the date of the alleged
unlawful practice.  Sections 21.201(a)
& 21.202(a).  Owens filed her charge
of sexual harassment with the EEOC on November 1, 1999.  Garrison filed her charge of sexual
harassment with the EEOC on November 2, 1999. 
Both Owens and Garrison failed to check the box on the form that
stated:  AI
want this charge filed with both the EEOC and the State or local Agency, if
any.@  There is no evidence in the record that they
filed their complaints with the TCHR, that the TCHR received their complaints,
or that the EEOC sent copies of the complaints to the TCHR.  A person claiming a TCHRA violation must
first exhaust the TCHRA=s
administrative remedies prior to bringing a civil action for such violation.  Schroeder v. Texas Iron Works, Inc.,  supra at 485; Davis v. Education
Service Center, 62 S.W.3d 890, 894-95 (Tex.App. B
Texarkana 2001, no pet=n).  We find that Owens and Garrison failed to
exhaust their state administrative remedies on their sexual harassment
complaints before filing this suit. Jones v. Grinnell Corporation, 235
F.3d 972 (5th Cir. 2001).








There is another reason for the conclusion that
the trial court was without jurisdiction to hear the November 1999 complaints
of Owens and Garrison.  Even if Owens and
Garrison had exhausted their administrative remedies, they filed this suit on
November 20, 2001, more than two years after they filed their respective
complaints with the EEOC.  Section 21.256
of the TCHRA requires that a civil action be brought no later than the second
anniversary of the date the complaint relating to the action is filed.  Section 21.256.  The two-year period is mandatory and
jurisdictional.  Green v. Aluminum
Company of America, 760 S.W.2d 378 (Tex.App. B
Austin 1988, no writ).  Owens and
Garrison argue that they filed their lawsuit within 90 days of receiving their
notices of right to sue from the EEOC. 
The EEOC notice did not enlarge the two-year period.  See Eckerdt v. Frostex Foods, Inc.,
802 S.W.2d 70, 71 (Tex.App. B
Austin 1990, no writ)(holding that the TCHR=s
delay in sending the notice letter did not enlarge the one-year time period in
the predecessor statute to Section 21.256).

Subsequent to the filing of the November 1999
complaints of Owens and Garrison, the EEOC changed its charge-of-discrimination
form.  The form filed by Stanley stated
that she wanted the charge to be filed with both the EEOC and the state or
local agency, if any.  However, Stanley=s form on its face shows that she
failed to meet the jurisdictional requirements of the TCHRA.

Violations of Title VII and the TCHRA are
statutory causes of action.  A party
bringing a statutory cause of action must meet all the statutory
requirements.  Grounds v. Tolar
Independent School District, 707 S.W.2d 889, 891 (Tex.1986); Gregg
Company v. Farrar, 933 S.W.2d 769, 777 (Tex.App. B
Austin 1996, writ den=d).  The top left-hand corner of the second page
to Stanley=s
complaint with the EEOC indicates that her filing date was February 7,
2001.  Yet, the first page of her
complaint states that the discrimination and retaliation stopped when she was
terminated on May 4, 2000, more than 180 days prior to her filing a
complaint.  Thus, Stanley=s claim fails for another
jurisdictional reason.  Before a complainant
may sue for redress, he or she must file the complaint with the TCHR within 180
days of when the alleged unlawful employment practice occurred.  Sections 21.201(a) & 21.202(a); Schroeder
v. Texas Iron Works, Inc., supra at 485. 
Unless an employee timely submits his or her complaint to the TCHR,
Texas courts are deprived of subject-matter jurisdiction and are barred from
adjudicating that complaint.  Schroeder
v. Texas Iron Works, Inc., supra at 485-89; Davis v. Education Service
Center, supra at 894; Stinnett v. Williamson County Sheriff=s Department, supra at 576.

We turn now to the remaining two complaints in
this suit.  On June 15, 2001, Owens filed
a second charge of discrimination with the EEOC, claiming that she was demoted
in job title as retaliation for filing the earlier charge of
discrimination.  On November 8, 2001,
Garrison filed her second charge with the EEOC, claiming that she was removed
as supervisor of a specialized (sex offender) unit in retaliation for her
earlier complaint with the EEOC. 








The trial court granted TDCJ=s motion for summary judgment on these
claims.  The standards of review for a Atraditional@
summary judgment under TEX.R.CIV.P. 166a(c) are well established.  Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex.1991); Nixon v. Mr. Property Management Company, Inc., 690
S.W.2d 546, 548-49 (Tex.1985); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 676 (Tex.1979). 
A defendant who moves for a regular summary judgment must demonstrate
that at least one essential element of the plaintiff=s
cause of action has been disproved as a matter of law.  Davis v. Education Service Center, supra at
893.  A defendant who conclusively
negates one of the essential elements of the plaintiff=s
cause of action is entitled to summary judgment.  Wornick Company v. Casas, 856 S.W.2d
732, 733 (Tex.1993).

To prove a claim for retaliation under the TCHRA,
a plaintiff must prove (1) that she was engaged in an activity protected by the
TCHRA, (2) that an adverse employment action or other retaliatory conduct
occurred, and (3) that there was a causal connection between the participation
in the protected activity and the retaliation. 
Webb v. Cardiothoracic Surgery Associates of North Texas, 139
F.3d 532, 540 (5th Cir. 1998); Elgaghil v. Tarrant County Junior College,
45 S.W.3d 133 (Tex.App. B
Fort Worth 2000, pet=n
den=d).          


Garrison complains that the
TDCJ retaliated against her by transferring three of her subordinates to
another district office and by changing her responsibilities from being a
supervisor of sex offender parole officers to being a supervisor of other
parole officers, two years after she filed her first EEOC complaint.  The transfer of the three subordinates was
included in Garrison=s
November 2, 1999, complaint.  The trial
court lacked subject matter jurisdiction to hear that complaint because of
Garrison=s failure
to file this suit within the two-year period required by Section 21.256. 








Garrison claims in her EEOC complaint dated
November 8, 2001, that her removal as Asupervisor
of a specialized (sex offender) unit@
was in retaliation for her filing the EEOC complaint dated November 2,
1999.  The record contains no evidence
that the shift in Garrison=s
duties amounted to Aan
adverse employment action,@
an essential element of her retaliation claim. 
Garrison=s
statement in her deposition that she believed that the removal of the sex
offender unit from her supervision was a form of discipline does not constitute
evidence.  An employee=s subjective belief is not competent
summary judgment evidence.  M.D.
Anderson Hospital and Tumor Institute v. Willrich, 28 S.W.3d 22, 25
(Tex.2000); Elgaghil v. Tarrant County Junior College, supra at
141.  Conclusory statements that are
unsupported by facts are not proper summary judgment proof.  Purcell v. Bellinger, 940 S.W.2d 599, 602
(Tex.1997).   There is no evidence that
the shift in supervisory duties constituted a material alteration of the terms
and conditions of her employment.  See
Elgaghil v. Tarrant County Junior College, supra at 142-43.  We find, therefore, that the shift was not an
Aadverse employment action.@ 
Even if it were, Garrison provided no evidence that the shift in duties
was related to the filing of her EEOC complaint two years earlier.

Garrison refers us to the letter of determination
by the EEOC district director where he found that she was retaliated
against.  The letter was issued on March
2, 2001, and dealt with the allegations in Garrison=s
first EEOC complaint.  The letter did not
deal with the allegations in her second complaint which was filed on November
8, 2001.  Further, the letter consists of
conclusions that are unsupported by facts in the record and would not be proper
summary judgment proof in any event.  

Garrison failed to demonstrate that any adverse
employment action or retaliatory conduct occurred.  As part of its summary judgment evidence,
TDCJ submitted portions of Garrison=s
deposition.  Garrison stated that, after
she filed her first internal complaint, Lindsey was transferred and that Evelyn
Shaffer became her supervisor.  TDCJ
removed Lindsey even before Garrison filed her November 1999 complaint with the
EEOC.  Garrison admitted that Shaffer
gave her good performance evaluations. 
Garrison further stated that her position title did not change, that she
was never demoted, and that she received no disciplinary actions or reprimands.  The trial court did not err in granting TDCJ
summary judgment on Garrison=s
claims of retaliation.

The trial court also did not err in granting TDCJ
summary judgment on Owens=s
June 15, 2001, complaint that she had been demoted in job title.  Owens claims that the demotion consisted of
her being taken off a Aspecialized@ halfway house caseload and given a
regular caseload.  According to Owens,
this change in caseload increased her duties to the extent that she was forced
to resign on July 31, 2001.  Thus, Owens
claimed constructive discharge by TDCJ.








In response to Owens=s
allegations, TDCJ introduced evidence that Owens=s
caseload was increased because there occurred five parole officer vacancies in
District III.  The other parole officers
in her unit also had to take on extra cases. 
TDCJ=s
evidence reflects that Owens actually had a lighter caseload than many of the
other officers before her supervisors tried to even out the caseload.  The record also reflects that Owens=s supervisors did not change her job
title.  Where an employer articulates a
legitimate, nondiscriminatory reason for its decision, the burden shifts back
to the plaintiff to prove that the employer=s
articulated reasons were untrue and were given as a pretext. M.D. Anderson
Hospital and Tumor Institute v. Willrich, supra at 24; Elgaghil
v. Tarrant County Junior College, supra at 139.  Owens provided no evidence to prove that TDCJ=s reasons were untrue or were given as
a pretext. 

The only evidence cited by Owens are portions of
her deposition where she stated that her supervisor, Don Carter, had told her
that the regional director had instructed him to increase her caseload.  Owens=s
statements were hearsay and, at most, constituted only her subjective belief
that she was singled out for an increased caseload.  As stated, an employee=s
subjective belief that an employer has given a false reason for its employment
decision is not competent summary judgment evidence.  M.D. Anderson Hospital and Tumor Institute
v. Willrich, supra at 25; Elgaghil v. Tarrant County Junior
College, supra at 141.  There
is no evidence in the record to support constructive discharge.

                                                                  This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

March 18, 2004

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel
consists of:  Arnot, C.J., and 

Wight,
J., and McCall, J.