

**NUMBER 13-10-00379-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

PETE VILLEGAS,                                            **Appellant,**

**v.**

DEL MAR COLLEGE,                                          **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Benavides and Vela
### Memorandum Opinion by Justice Benavides

Appellant Pete Villegas appeals the trial court's decision to grant Del Mar College's (Del Mar) plea to the jurisdiction in an employment discrimination lawsuit brought by Villegas against Del Mar. The trial court determined it lacked subject matter jurisdiction to hear the matter and ordered dismissal. We affirm.

## I. BACKGROUND

For more than a decade, Villegas has been an adjunct instructor in Del Mar's automotive technology department. In April 2008, he applied—but was not hired—to fill a full-time, tenure-track professorship in the same department. Instead, the college hired Duane Beadle in August 2008. Villegas is Latino and has an associate's degree in automotive maintenance/body repair, as well as bachelor's and master's degrees in education. Beadle is Anglo and possesses an associate's degree in automotive applied technology. Because Del Mar decided not to hire Villegas, he filed two internal complaints of discrimination on the basis of his race/ethnicity with Del Mar's Human Resources/Equal Opportunity/Affirmative Action Department—informally on September 2, 2008 and formally on September 26, 2008. Del Mar's internal investigation concluded on January 12, 2009, with a finding of "no discrimination." Villegas then dual-filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission's Civil Rights Division (TWC) on March 9, 2009, under Chapter 21 of the Texas Labor Code alleging that the decision not to hire him was motivated by discrimination and ethnicity and that he suffered retaliation by his co-workers and supervisors for filing the internal grievance.

The TWC dismissed Villegas's complaint on October 29, 2009, and sent Villegas a notice of right to file a civil action within sixty days. The EEOC dismissed Villegas's complaint in January 2010. The record is unclear, however, as to TWC's reasons for the dismissal. Two separate and distinct dismissals/notices of right to file suit are in the record. The first indicates that TWC could not investigate the charge because it was not timely filed, while the other states that TWC was unable to determine any violations

4

of the law by Del Mar. Both notices have the same date, matching case numbers, and are purportedly signed by the same investigator.

Regardless, Villegas filed suit on December 22, 2009 against Del Mar College in state district court. After filing an answer, Del Mar filed a plea to the jurisdiction and motion to dismiss for lack of jurisdiction. Del Mar challenged the trial court's jurisdiction to hear the case on the ground that Villegas did not comply with chapter 21 of the labor code because Villegas filed his complaints more than 180 days after he learned of the alleged discriminatory action by Del Mar on September 2, 2008. *See* TEX. LAB. CODE ANN. § 21.202 (West 2006). Del Mar argued to the trial court that because of the untimely filing, the trial court lacked subject matter jurisdiction to hear the case. The trial court agreed, granted Del Mar's plea, and ordered dismissal. This accelerated appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (West 2008). The sole issue raised by Villegas is whether the trial court had subject matter jurisdiction to hear the present cause of action.

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks to defeat a cause of action by questioning the trial court's subject matter jurisdiction and should be decided "without delving into the merits of the case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is at the heart of a court's power to decide a case. *See id.* "We review a trial court's order granting or denying a plea to the jurisdiction de novo." *Houston Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007). In our review, we examine the plaintiff's petition and evidence submitted by the parties "to the extent it is relevant to the jurisdictional issue." *Id.*

5

## III. ANALYSIS

Villegas asserts that he timely filed his complaint with TWC, based on the January 12, 2009 action taken by Del Mar, thus giving the court proper subject matter jurisdiction over the case. We disagree with Villegas as to his discrimination claim. Under Chapter 21 of the Texas Labor Code, a person must file a complaint with the TWC no later than the 180th day after the allegedly unlawful employment practice took place. *See* TEX. LAB. CODE ANN. § 21.202 (West 2006). If the complaint is untimely, the commission must dismiss it. *Id.* Furthermore, "[t]he limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996). During the claims process, the TWC investigates allegations and determines whether there is "reasonable cause to believe the employer violated the Texas anti-discrimination law," in order to promote resolution. *City of Waco v. Lopez*, 259 S.W.3d 147, 154 (Tex. 2008). These detailed administrative procedures are mandatory pre-requisites for a plaintiff to bring a chapter 21 action to court. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804–05 (Tex. 2010) (noting that administrative remedies and procedures must be exhausted prior to litigation of statutory employment claims); *see also Lueck v. State*, 325 S.W.3d 752, 762 (Tex. App.—Austin 2010, pet. filed). If a complainant fails to comply with these administrative procedures, the courts are deprived of subject-matter jurisdiction. *Lopez*, 259 S.W.3d at 154.

Even if Del Mar's internal administrative-review decision on January 12, 2009 was a discriminatory act, as Villegas argues, Villegas's limitation period—only for the discrimination claim—began to run when he learned of Del Mar's decision to hire Beadle.

6

*See Specialty Retailers*, 933 S.W.2d at 493*.* The record is unclear as to the exact date Villegas first learned of Beadle's hiring in August 2008—but the record reflects that, at the latest, Villegas had knowledge of the alleged discrimination by Del Mar on September 2, 2008, when he filed his internal complaint with the college. That was one-hundred and eighty-eight days before he filed his complaint with TWC. We also disagree with Villegas's argument that the untimely filing with TWC was caused by Del Mar's pre-requisite internal grievance policy. We find nothing in the record to support the contention that this internal procedure was required before filing a complaint with TWC. Therefore, Villegas's discrimination complaint on March 9, 2009 was untimely filed under the 180-day requirement and deprived the court of subject matter jurisdiction.

We decline to address any potential cause of action for retaliation against Villegas, under the Texas Supreme Court's holding in *Texas Department of Parks and Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). While Villegas filed a complaint with TWC alleging retaliation, he did not include the claim in his original petition. Our review in this case is limited to the pleadings and whether the pleadings allege facts sufficient to confer subject matter jurisdiction upon the court to hear the case. *See id.* at 226. Because Villegas's pleadings only state a cause of action for race/ethnicity discrimination, we will only examine that cause in our analysis.

Finally, Villegas argues that because his EEOC complaint was timely filed with the federal agency, and suit was brought well within the ninety days to file suit required by the EEOC, the trial court has jurisdiction over his causes of action. Again, we disagree. Not only did Villegas file suit in state court before the EEOC even took action on his complaint, but also an EEOC right to sue letter cannot be substituted for a TWC

7

right-to-sue letter. *See Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001). We agree with the *Grinnell* Court that to hold otherwise would "upset the intricate interplay between the federal and state anti-discrimination agencies." *Id.* at 975.

## IV. CONCLUSION

We affirm the trial court's granting of Del Mar's plea to the jurisdiction.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
8th day of December, 2011.

8